UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHAWN MICHAEL-GLEN HENDRIX,

        Plaintiff,

v.                                                      Case No. 20-cv-13200

FNU HUTCHENSON, FNU WATSON,
FNU HOLCOMB, FNU STEECE,
P. WARREN, and RICHARD D. RUSSELL,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING**
**DEFENDANTS HOLCOMB, STEECE, WARREN, AND RUSSELL**

Plaintiff Shawn Michael-Glen Hendrix, a state prisoner at the Macomb Correctional Facility in Lenox Township, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1.)  The defendants are the following employees of the Michigan Department of Corrections (MDOC):  Corrections Transport Officers Hutchenson and Watson; Inspector Holcomb; Assistant Deputy Warden Steece; Step II Grievance Coordinator P. Warren; and Step III Grievance Respondent Richard D. Russell.  (*Id.* at PageID.3-5.)

Plaintiff sues Defendants in their official and personal capacities for alleged violations of his rights under an MDOC policy directive and the Eighth Amendment to the United States Constitution.  (*Id.* at PageID.3-6.)  Plaintiff seeks money damages, payment of his state restitution and institutional debts, and $100 per hour for his legal fees.  (*Id.* at PageID.10.)

Having reviewed the complaint, the court concludes that Plaintiff has failed to state a plausible claim against Defendants Holcomb, Steece, P. Warren, and Richard D. Russell. Accordingly, the court will summarily dismiss those Defendants from this lawsuit.

## I.  THE FACTS

This cause of action arose on January 8, 2019, when defendants Hutchenson and Watson transported Plaintiff and five other prisoners by van from the Duane Waters Hospital to the Macomb Correctional Facility.  Hutchenson was the driver, and Watson apparently was seated in the front passenger seat.  Plaintiff was shackled with leg and belly restraints, but Hutchenson and Watson allegedly did not secure him or the other prisoners with seat belts.  (*Id.* at PageID.8-9.)

At approximately 4:15 p.m. that day, the group was traveling east on Interstate Highway 94.  According to the complaint, Hutchenson was talking on his cellular phone and occasionally looking at Watson's phone at the time. Traffic was "stop and go," and as Hutchenson accelerated from a stopped position to a speed of about thirty-five miles per hour, he hit the back of a stopped vehicle. Both vehicles got off the freeway, and after the Harper Woods Police Department was notified, a police report was made.  (*Id.* at PageID.9.)

Plaintiff asserts that, as a result of the collision and the officers' negligence, his right knee hit a support beam, and his head and neck were jarred.  (*Id.*)  He claims that he currently experiences pain in his neck and right leg and frequent, recurring migraine headaches.  (*Id.* at PageID.9-10.)

Plaintiff pursued administrative remedies at the Macomb Correctional Facility. (*Id.* at PageID.11.)  Inspector Holcomb responded to Plaintiff's grievance at Step I of the grievance process, and Defendant Steece reviewed Holcomb's answer. (*Id.* at PageID.18.) Their only response to Plaintiff's grievance was that a critical incident report was completed on the day of the incident and that an investigation was initiated on January 15, 2019. (*Id.* at PageID.18-19.)

Plaintiff appealed Holcomb and Steece's response at Step II of the grievance procedures.  Defendant P. Warren reviewed Plaintiff's appeal and affirmed the response provided at Step I.  (*Id.* at PageID.20.)

Petitioner then appealed to MDOC's Office of Legal Affairs, which was the third and final step of the grievance procedures.  Defendant Richard D. Russell, however, denied the Step III appeal because Plaintiff's issue was considered and investigated, "and a proper decision was rendered."  (*Id.* at PageID.21.)

## II. DISCUSSION

The court is required to screen a prisoner's complaint and to dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*. 532 F.3d 567, 572 (6th Cir. 2008).  To prevail on claims brought under § 1983, a plaintiff must prove two things: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

3

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under both *Twombly* and *Iqbal*, a complaint is accepted as true, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff alleges that Defendants three through six (Holcomb, Steece, Warren, and Russell) violated his rights under MDOC Policy Directive 03.03.130 (Humane Treatment and Living Conditions for Prisoners) and the Eighth Amendment to the United States Constitution. (ECF No. 1, PageID.7.) But Holcomb, Steece, Warren, and Russell were not responsible for Plaintiff's injuries; their only involvement in the case appears to be their denial of Plaintiff's grievances. "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003), and "is insufficient to support a claim of supervisory liability in the § 1983 context." *Harris v. Caruso*, 465 F. App'x 481, 487 (6th Cir. 2012); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (concluding that prison officials did not commit a constitutional violation or violate a clearly

4

established right to which the prisoner was entitled when they denied the prisoner's administrative grievances and failed to remedy alleged retaliatory behavior). Plaintiff, therefore, has failed to show that defendants Holcomb, Steece, P. Warren, and Richard D. Russell are liable for the misconduct alleged.  Accordingly, Plaintiff has failed to state a plausible claim against those four Defendants, and they will be summarily dismissed from this action.

### III. CONCLUSION

IT IS ORDERED that Defendants Holcomb, Steece, P. Warren, and Richard D. Russell are summarily DISMISSED from this action pursuant to 28 U.S.C. § 1915(e)(2)(b) and 1915A(b).

                                      s/Robert H. Cleland                          /
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated:  January 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 20, 2021, by electronic and/or ordinary mail.

                                      s/Lisa Wagner                                 /
                                      Case Manager and Deputy Clerk
                                      (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\20-13200.Hendrix order of partial dismissal.docx