UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shawn Michael-Glen Hendrix,

      Plaintiff,

v.

Toriano Hudson, et al.,

      Defendants.

Case No. 20-13200
District Judge Robert H. Cleland
Magistrate Judge Jonathan J.C. Grey

_____/

## ORDER DENYING MEEMIC'S MOTION TO INTERVENE (ECF No. 32)

Shawn Michael-Glen Hendrix, an incarcerated person, brought this complaint pro se under 42 U.S.C. § 1983 against Toriano Hudson and Beverly Walton in their individual and official capacities.[1] (ECF No. 1.) Hendrix alleges violations of his Eighth Amendment Constitutional rights. (ECF No. 1.) On May 16, 2022, non-party Meemic Insurance Services Corporation ("Meemic") filed a motion to intervene. (ECF No. 32.)

---

[1] In his complaint, Hendrix also named "Hutchenson", "Watson", "Holcomb", "Steece", "P. Warren", and "Richard D. Russel" as defendants. On January 20, 2021, United States District Judge Robert H. Cleland summarily dismissed Holcomb, Steece, Warren, and Russell from this case. (ECF No. 5.) Hudson and Walton filed answers stating that they were both misidentified in the complaint so "Hutchenson" and "Watson" were replaced in the caption with the correct names. (ECF No. 20.)

For the following reasons, the Court **DENIES** Meemic's motion to intervene (ECF No. 32.)

Hendrix's complaint alleges that Hudson was deliberately indifferent to Hendrix's safety in violation of the Eighth Amendment. (ECF No. 1.) Hudson drove a prison transport van with Hendrix as a passenger. (*Id.*) The transport van was involved in a collision with another vehicle and Hendrix sustained injuries. (*Id.*) Hendrix alleges that Hudson violated Hendrix's Eighth Amendment rights by crashing the van. (*Id.*)

Meemic issued an insurance policy to Hudson that was in effect at the time of the collision. (ECF No. 32.) Hudson claims that the policy covers any liability for the collision. (*Id.*) Meemic denies owing any insurance coverage for liability created by the accident. (*Id.*) Meemic moves to intervene in this action under Federal Rule of Civil Procedure 24(a)(2) (intervention as of right) and (b)(1)(B) (permissive intervention) to file a complaint against Hendrix. (*Id.*) Meemic seeks declaratory relief declaring the rights and obligations of the parties created by the insurance policy. (*Id.*) Meemic claims an interest in the property or transaction at issue in this case and asserts that common questions of law and fact exist between its claims and Hendrix's claims. (*Id.*)

Rule 24(a)(2) gives non-parties a right to intervene if the non-party claims an interest relating to the property or transaction that is the subject of the

underlying action. Rule 24(b)(1)(B) allows the court to grant intervention if there is a common question of law or fact between the underlying action and the movant's claim.

When an insurer seeks to intervene in a lawsuit against the insured, where the liability might be covered by the policy, but the insurer disputes coverage, the insurer has no right to intervene under Rule 24(b)(2). *Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, No. 15-11254, 2018 WL 2225360, at *3–*4 (E.D. Mich. Apr. 23, 2018) (citing cases); *Fay v. Namou*, No. 19-10902, 2020 WL 7041183, at *4 (E.D. Mich. Dec. 1, 2020)*; Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006); *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 876 (2d Cir. 1984). Additionally, when the insurer's claims against the insured share no common questions of law or fact with the underlying claim, permissive intervention under Rule 24(b)(1)(B) is also improper. *Konica*, 2018 WL 2225360, at *5.

Analysis of permissive intervention overlaps with intervention as of right. *See* Fed. R. Civ. P. Rule 24(b)(1)(B) & (a)(2). A recent case decided by a judge of this court is persuasive. *Konica*, 2018 WL 2225360, at *5.

In *Konica*, the plaintiff corporation sued another corporation and some of its former employees. *Id*. at *1. The defendant corporation's insurer sought to

3

intervene for a declaratory judgment, seeking a judgment that the policy excludes coverage for dishonest and fraudulent facts. *Id*. at *5. The insurer also intended to participate in discovery, motion practice, and to submit special verdict questions addressing coverage defenses. *Id*. at *1. The insurer planned to move to bifurcate and stay its claim pending resolution of plaintiff's claims. *Id*. However, the court denied permissive intervention under Rule 24(b)(1)(B) for a lack of common questions or facts. *Id*. at *5. The complaint alleged breach of contract, tortious interference of contract, tortious interference with business expectancy, violation of Michigan's Uniform Trade Secrets Act, and civil conspiracy. *Id.* Nowhere in the complaint did the plaintiff allege fraud or dishonesty against the defendants. *Id*. Therefore, no overlap of fact or law existed between the plaintiff's and insurer's claims. *Id*. Further, because the insurer's interest in the liability faced by the insured defendants was contingent on resolution of the coverage issue, the insurer had no right to intervene under Rule 24(a)(2). *Id*. at *3–*4.

Similarly, the Court finds that there are no common questions of law or fact between Hendrix's and Meemic's claims. *See Konica*, 2018 WL 2225360, at *5. As Meemic admits in its reply, Meemic's claim has no outstanding questions of fact. (ECF No. 35, PageID.249.) The facts relevant to Meemic's claim are (1) whether Hudson was acting as a corrections officer at the time of the collision and (2) whether the policy, on its face, applies to this collision. (*Id*.) Meemic claims it

4

needs no discovery and will file its motion for declaratory judgment immediately if the Court grants the instant motion. (*Id.*) Therefore, no outstanding issues of fact remain for Meemic's complaint.

Further, no similar questions of law exist between Hendrix's claim and Meemic's claim. Hendrix alleges that Hudson violated Hendrix's Eighth Amendment rights for deliberate indifference to Hendrix's safety and wellbeing. (ECF No. 1.) Meemic seeks declaratory judgment on whether its insurance policy applies to the undisputed facts. (ECF No. 32.) The determinations of law concerning the Eighth Amendment claim will not resolve any of the legal questions for determining Hudson's or Meemic's rights and duties under the insurance policy. *Compare Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (holding that an Eighth Amendment violation requires a finding that there was a substantial risk of harm and that the prison guard knew of and disregarded that risk), *with Fed. Mogul U.S. Asbestos Pers. Inj. Tr. v. Cont'l Cas. Co.*, 666 F.3d 384, 387–88 (6th Cir. 2011) (holding that, under Michigan Law, interpretation of insurance policies is a matter of law and is governed by principles of contract construction).

Despite different procedural postures, this case is like *Konica*, because the two claims are so different. The claims here are even more distinct than in *Konica*. In that case, each claim involved state law contractual disputes. In contrast, here, one claim is for violation of a prisoner's Eighth Amendment rights and the other is

for a state law contractual dispute. Therefore, the Court finds no basis exists for permissive intervention under Rule 24(b)(1)(B).

Alternatively, Rule 24(a)(2) gives a non-party the right to intervene if the movant shows both: (1) an interest in the property or transaction at issue in the suit and (2) disposition of the claim will impair or impede the movant's ability to protect its interests *unless* the movant's interests are adequately represented. For the following reasons, the Court finds that Meemic lacks a cognizable interest relating to the property or transaction which is the subject of this action, and even if it had an interest, its interest is adequately represented by Hudson.

There are two potential interests that Meemic has in the underlying action: (1) minimizing Hudson's liability and (2) establishing that Hendrix's claims against Hudson are not covered by the policy. *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) (discussing possible interests of insurers). However, neither of these interests qualify for intervention as of right under Rule 24(a)(2).

An intervenor's interest must be direct and not contingent to prevail on its motion to intervene as of right under 24(a)(2). *Konica*, 2018 WL 2225360, at *3–*4 (citations omitted); *Fay v. Namou*, No. 19-10902, 2020 WL 7041183, at *4 (E.D. Mich. Dec. 1, 2020) (citing *Travelers*, 884 F.2d at 638). When an insurer provides a defense to the insured but reserves its rights, its interest in the liability

6

phase of the proceeding is contingent on the resolution of the coverage issue. *Konica*, 2018 WL 2225360, at *3–*4 (citing *Travelers*, 884 F.2d at 638); *Ross v. Marshall*, 456 F.3d at 443; *Restor-A-Dent*, 725 F.2d 871 at 876. In *Konica*, the court found that because the insurer disputed coverage, its interest was contingent. 2018 WL 2225360, at *4.

Here, Meemic has provided Hudson with defense counsel but reserved its rights; thus, its interest in minimizing the liability is contingent on the resolution of coverage and cannot support a motion to intervene under Rule 24(a)(2). *See Konica*, 2018 WL 2225360, at *4.

The *Travelers* decision explains why the distinction between contingent and direct interests is not overly formalistic or mechanical. 884 F.2d at 639–49. The distinction serves to further the well-established policy that an insurer who reserves rights should not control the defense of a lawsuit brought against its insured. *Id*. (citations omitted). Allowing intervention would allow the insurer to interfere with the underlying case and give it a great deal of control over the defense. *Id*. This would be an unfair restriction on the insured, who faces the risk of uninsured liability, while giving the insurer a "double bite" at the apple. *Id*.

For Meemic's second potential interest, whether the policy covers the collision, that interest is not related to the subject matter of the action between Hendrix and Hudson. As the Rule 24(b)(1)(B) analysis shows, no common

7

questions of law or fact exist between the claims. Meemic requires no additional discovery as all the facts relevant to its claims are undisputed and a declaratory action to determine the rights and obligations under a contract is wholly unrelated to an Eighth Amendment deliberate indifference claim. Thus, Meemic's interest in establishing lack of coverage lacks a required relation to Hendrix's claim. This case is like *Konica* where the insurer did not have a right to intervene for lack of a direct interest with a relationship to the underlying lawsuit. *Konica*, 2018 WL 2225360, at *4.

Further, when the proposed intervenor and the party share the same ultimate goal, a presumption of adequate representation arises. *Wineries of Old Mission Peninsula Ass'n v. Township of Peninsula*, 41 F.4th 767, 774 (6th Cir. 2022) (citing *United States v. Michigan*, 424 F.3d 438, 443–44 (6th Cir. 2005)). Meemic states, without citing any law or facts to support its position, that its interests are inadequately represented by Hudson. (ECF No. 32, PageID.134.) Here, Hudson and Meemic share the same ultimate goal in the underlying case: limiting Hudson's liability to the greatest extent possible. Hudson faces the prospect of uninsured liability, giving him more than adequate motivation to pursue his defenses. Meemic provided Hudson with defense counsel and does not argue that the provided defense counsel lacks the ability to effectively defend this case. Meemic has not provided any evidence to remove the presumption of adequacy,

8

and a review of the case filings establishes that Hudson and his counsel have zealously defended against Hendrix's claims. Therefore, Meemic's interests *in this case* are adequately represented, notwithstanding the collateral dispute over coverage.

For the preceding reasons, the Court **DENIES** Meemic's motion to intervene under Rule 24(a)(2) or (b)(1)(B).

**SO ORDERED.**

Dated: February 2, 2023                    s/**Jonathan J.C. Grey**
                                           Jonathan J.C. Grey
                                           United States Magistrate Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 2, 2023.

s/ **Julie Owens**
Julie Owens
